MARKER E. LOVELL, JR. (208659)
C. JOSEPH OU (294090)
GIBSON ROBB & LINDH LLP
201 Mission Street, Suite 2700
San Francisco, California 94105
Telephone:  (415) 348-6000
Facsimile:  (415) 348-6001
Email:  mlovell@gibsonrobb.com
  cjou@gibsonrobb.com

Attorneys for Plaintiffs-in-Limitation
BOUNTIFUL OCEANS, INC. and
VIKTORIS LESCINSKAS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of BOUNTIFUL OCEANS, INC. and VIKTORIS LESCINSKAS, as owners of F/V BOUNTIFUL for Exoneration From or Limitation of Liability | Case No. 1:17-cv-3625<br><br>**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY** |

The complaint of Plaintiffs-in-Limitation BOUNTIFUL OCEANS, INC. and VIKTORIS LESCINSKAS ("Plaintiffs-in-Limitation"), as owners of F/V BOUNTIFUL ("VESSEL"), for exoneration from and/or limitation of liability, civil and maritime, brought pursuant to 46 U.S.C. § 30501, *et seq.*, respectfully avers as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter and more fully appears, in the complaint herein sets forth an admiralty and maritime claim within the meaning of Rule 9(h) and Supplemental Admiralty Rule F of Federal Rules of Civil Procedure, and is brought pursuant to this Court's original jurisdiction conferred by 28 U.S.C. § 1333.

2. Venue is proper in this Court pursuant to Rule F(9) with Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime claims. The incident that forms the basis for this action occurred on or about December 26, 2016, in Crescent City,

California.  Neither Plaintiffs-in-Limitation, *in personam*, nor the VESSEL, *in rem*, have been named as a defendant with respect to any claims allegedly arising from the subject incident.  The hailing port for the VESSEL is Crescent City, California.

3.      Plaintiff-in-Limitation BOUNTIFUL OCEANS, INC. was at all material times a business corporation incorporated under the laws of the State of California doing business in the State of California with its principal place of business in Crescent City, California.

4.      Plaintiff-in-Limitation VIKTORIS LESCINSKAS was and is an individual residing in Brookings, Oregon.

5.      Plaintiffs-in-Limitation were at all times material herein and are the owners of the VESSEL.  Plaintiffs-in-Limitation at all times material herein operated and maintained the VESSEL in a safe and conscientious manner and according to all applicable United States Federal and State laws.

6.      On or about December 26, 2016, the Vessel was returned to the Crescent City Harbor Marina.  While in the process of tying up the Vessel to a cleat on the Crescent City Harbor Marina dock, owned by the Crescent City Harbor District, broke and injured deckhand Adan Cruz-Hernandez.

7.      Any and all damages, if any, arising from the above-described events were not caused or contributed to by the fault and negligence on the part of the VESSEL or her owners, captain, crew, agents, servants, employees, or anyone for whom they or any of them may be responsible.

8.      Any and all damages, losses, and/or injuries allegedly resulting or otherwise arising from the above-described events were occasioned or occurred without the privity and knowledge of Plaintiffs-in-Limitation or anyone whose privity or knowledge is imputable to Plaintiffs-in-Limitation.

9.      Plaintiffs-in-Limitation aver and stipulate that the estimated fair market value of the VESSEL and her appurtenances at the termination of the voyage at issue did not exceed $650,000.  Pursuant to Supplemental Admiralty Rule F(1)(a), Plaintiffs-in-Limitation have submitted herewith an *Ad Interim* Stipulation for a value in the amount of $650,000 executed by

1  Plaintiffs-in-Limitation's surety for security.  It is believed that the total amount of all claims that
2  may be asserted may exceed the value of the interest of Plaintiffs-in-Limitation in the VESSEL
3  and its appurtenances.

4      10.    There are currently no liens upon the VESSEL and no additional suits pending
5  thereon and no claims or demands prior or paramount to those which may have accrued by
6  reason of those entities herein described.

7      11.    None of the damages, if any, arising out of the above-described events was
8  proximately caused or contributed to by the fault or negligence on the part of Plaintiffs-in-
9  Limitation, and all such damages were occasioned and/or incurred without the privity and
10 knowledge of Plaintiffs-in-Limitation, or anyone whose privity and knowledge is imputable to
11 Plaintiffs-in-Limitation within the meaning of 46 U.S.C.S. § 30501, *et seq.*

12     12.    The damages which may be complained of by any claimant(s) are or were wholly
13 or in part directly and proximately caused by the negligence of persons and/or entities other than
14 Plaintiffs-in-Limitation or the VESSEL, and said negligence is neither imputed to Plaintiffs-in-
15 Limitation by reason of the relationship between claimants and said persons or entities or
16 comparatively reduces the proportion of negligence or corresponding liability of Plaintiffs-in-
17 Limitation, if any.

18     13.    Plaintiffs-in-Limitation deny that they are liable for any damages arising out of the
19 above-described events, and claim exoneration from liability for any and all damages of any
20 nature allegedly occasioned or incurred during or by reason of the above-described events and
21 desire to contest any claims against them.  Without admitting liability, and reserving the right to
22 contest liability in this or any other Court, Plaintiffs-in-Limitation hereby also claim the benefit
23 of limitation of liability provided by 46 U.S.C.S. § 30501, *et seq.*, inclusive in all acts
24 amendatory thereto and supplementary thereto whether named herein or not.

25     14.    Plaintiffs-in-Limitation also hereby claim the benefit of all statutes and acts with
26 the Congress of the United States, whether named herein or not, granting or providing for
27 exoneration from or limitation of liability of vessel owners.  Plaintiffs-in-Limitation allege that
28 they are entitled to exoneration from liability or, in the alternative, have each plaintiff-in-

1  limitation's liability in connection with or arising out of the above-described events, if any,
2  limited to the value of each plaintiff-in-limitation's respective interest in the VESSEL as the
3  same existed immediately after the above-described events, not to exceed $650,000.

4      15.    Simultaneously with filing of this complaint, Plaintiffs-in-Limitation's surety is
5  filing an *Ad Interim* Stipulation for a value satisfying the security provisions of 46 U.S.C.S.
6  § 30501, *et seq.*, inclusive, and Rule F(1) of the Supplemental Admiralty Rules of the Federal
7  Rules of Civil Procedure.

8      16.    All and singular, the premises set out above are true and correct.

10      WHEREFORE, Plaintiffs-in-Limitation pray:
11      That this Court issue a notice to all persons asserting claims by reason of any and all
12  damages and/or expenses of any nature, occasioned, or incurred by reason of the above-described
13  events and admonishing them to file their claim with the clerk of this Court and to serve
14  attorneys for Plaintiffs-in-Limitation with a copy thereof on or before a date certainly to be
15  named by this Court;
16      That this Court issue an injunction restraining the commencement and/or prosecution of
17  any and all actions, suits, and legal proceedings of any kind arising out of the above-described
18  events against Plaintiffs-in-Limitation or against the VESSEL other than in the present action;
19      That this Court judge and decree the Plaintiffs-in-Limitation are not liable to any extent
20  for any damages and/or expenses in any way arising out of or in consequence of the above-
21  described events;
22      That, if Plaintiffs-in-Limitation shall be judged liable, Plaintiffs-in-Limitation shall be
23  indemnified by a party or parties currently known or unknown who are either wholly or primarily
24  responsible for any alleged damages and expenses arising out of the above-described events;
25      That, if Plaintiffs-in-Limitation are judged liable, the liability of Plaintiffs-in-Limitation
26  be limited to the value of the interest in the VESSEL immediately after the above-described
27  voyage, namely $650,000, and decreed to be entered as charging Plaintiffs-in-Limitation for any
28  and all further liability;

That all persons, firms, corporations, or other legal entities that fail to file a claim in this proceeding within the time allowed by this Court be declared in default and forever barred from making any claims for such damages and/or expenses in this proceeding or any other proceeding and Plaintiffs-in-Limitation have such other and further relief that the Court may deem just and proper on the premises set forth above.

                                  Respectfully submitted,

Dated: June 23, 2017          GIBSON ROBB & LINDH LLP

                                  /s/ C. JOSEPH OU
                                  C. Joseph Ou
                                  cjou@gibsonrobb.com
                                  Attorneys for Plaintiffs-in-Limitation
                                  BOUNTIFUL OCEANS, INC. and
                                  VIKTORIS LESCINSKAS