1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10

IN THE MATTER OF BOUNTIFUL OCEANS, INC. AND VIKTORIS LESCINSKAS AS OWNERS OF F/V BOUNTIFUL,

No. C 17-03625 JSW

11

Plaintiff,

12

v.

13

14

IN THE MATTER OF BOUNTIFUL OCEANS, INC. AND VIKTORIS LESCINSKAS AS OWNERS OF F/V BOUNTIFUL,

**ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT**

15

Defendant.

16

_____/

17      Now before the Court is motion for partial summary judgment against Cross-Defendant

18  Bountiful Oceans, Inc. ("Bountiful" or "Permittee") filed by Cross-Claimant Crescent City Harbor

19  District ("CCHD" or "District"). Bountiful was the owner of the vessel F/V Bountiful and the

20  claims arise out of an incident that occurred on December 26, 2016, at Berth A-02 at the Crescent

21  City Harbor Boat Basin, in which the horn of a 15-inch galvanized iron dock cleat broke off and

22  injured the Bountiful's seaman, Cruz-Hernandez, while mooring the Bountiful at its berth.

23      Bountiful entered into a written Berthing Permit and Rental Agreement ("Agreement") with

24  CCHD which provides in pertinent part:

25          15. INDEMNIFICATION. PERMITTEE covenants and agrees to hold harmless
            DISTRICT, its Board of Harbor Commissioners, officers, agents, employees, and
26          representatives against any and all damages to property or injuries, including death,
            to any person(s) arising from PERMITTEE's use of DISTRICT's Boat Basin or
27          other facilities, and from intentional, careless or negligent acts of conduct,
            including a failure to act, by PERMITTEE or owner, or any of their agents,
28          employees, guests or representatives, and to further defend and hold harmless
            DISTRICT, its Board of Harbor Commissioners, officers, agents, employees and
            representatives from any and all claims, actions, proceedings, expenses and
            liabilities whatsoever arising there-from or connected therewith.

(Declaration of Traci Fansler, Ex. A at ¶ 15.)

By this motion, CCHD contends that this indemnification provision, coupled with their tender of the case to Bountiful, requires that Bountiful defend them in this action. Bountiful has not agreed to defend CCHD under the terms of the Agreement and, by its opposition, contends that the indemnification provision is void under California law.

Under California law, an exculpation clause which affects the public interest is void. *See Tunkl v. Regents of University of California*, 60 Cal. 2d 92, 95-96 (1963); *see also* Cal. Civ. Code § 1668 ("All contracts which have for their object, directly or indirectly, to exempt anyone from responsibility for his own fraud, or will injury to the person or property of another, or violation of law, whether willful or negligent, are against the policy of the law."). In *Tunkl*, the California Supreme Court found that an attempted exculpatory release provision is invalid as affecting the public interest where it involves a transaction that exhibit some or all of the following characteristics: it concerns a business of a type generally thought suitable for public regulation; the party seeking exculpation is engaged in performing a service of great importance to the public, which is often a matter of practical necessity for some members of the public; the party holds itself out as willing to perform this service for any member of the public who seeks it, or at least for any member within certain established standards; as a result of the essential nature of the service, in the economic setting of the transaction, the party invoking exculpation possesses a decisive advantage of bargaining strength against any member of the public who seeks the services; in exercising superior bargaining strength the party confronts the public with a standardized adhesion contract of exculpation, and makes no provision whereby a purchaser may pay additional reasonable fees and obtain protection against negligence; and, finally, as a result of the transaction, the person or property of the purchaser is placed under the control of the seller, subject to the risk of carelessness by the seller or its agents. 60 Cal. 2d at 98-100.

Applying the *Tunkl* factors, the court in *Pelletier v. Alameda Yacht Harbor*, 188 Cal. App. 3d 1551, 1555-56 (1986), found that a contractual provision purporting to exculpate a yacht harbor from tort liability for a boat owner was void by statute as it involved the public interest. Similar to the attempted exculpatory provision at issue in this case, the court found that: the business of

operating wharfs and piers is subject to public regulation; for persons with boats, the availability of berths is a matter of practical necessity; the harbor held itself out as willing to perform this service; large berths are not easily obtainable so the harbor possesses a decisive advantage of bargaining strength over any persons seeking a berth of that size; and finally, as a result of the transaction, the boat is placed under the control of the harbor and thus subject to the risk of its carelessness. *See id.* The Agreement here purports to exculpate CCHD from any and all claims or liabilities arising from Bountiful's use of the berth. The Court finds that the exculpatory clause in the Agreement at issue here governing all use by Bountiful is in essence as broad as the one found to be void in the *Pelletier* case. Accordingly, paragraph 15 of the Agreement is void as against public policy.

Because the Court has found the exculpatory clause is void, the attendant defense obligation is inoperative as well. Accordingly, the Court DENIES CCHD's motion for partial summary judgment on Bountiful's defense obligation.

**IT IS SO ORDERED.**

Dated:    June 6, 2018

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE